IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

ASSOCIATION OF COMMUNITY
ORGANIZATIONS FOR REFORM
NOW, INC. (ACORN),

        Plaintiff,

v.                                   No. CIV 97-1396 LH/RLP

NEW MEXICO MOUNTAIN
PROPERTIES, LIMITED
LIABILITY COMPANY,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's Motion to Recover Expenses and Attorney's Fees (Docket No.21). Defendant seeks to recover $11,645.98 for expenses and attorney's fees plus the fees and expenses incurred in the prosecution of this motion. Defendant asserts that Plaintiff's case was filed without any basis in fact to support "opprobrious allegations" that Defendant engaged in racial discrimination. Further, Defendant argues that Plaintiff has multiplied proceedings vexatiously and unreasonably as contemplated by 28 U.S.C. § 1927, citing *Braley v. Campbell*, 832 F.2d 1504 (10th Cir. 1987), as further support for the imposition of costs

1

and fees against Plaintiff.

For reasons set forth below, Defendant's Motion to Recover Expenses and Attorney's Fees is **denied** in its entirety.

## I.  Background

Plaintiff filed its original complaint in October 1997, asserting that Defendant's advertising indicated a preference, limitation or discrimination on the basis of race and/or color in violation of 42 U.S.C. § 3604 (Docket No. 1).  In January 1998, Defendant filed a Motion for More Definite Statement and to Dismiss for Want of Standing (Docket No. 3).  The Court partially granted the motion for a more definite statement and on June 16, 1998, Plaintiff filed a First Amended Complaint (Docket No. 14).  In October 1998, Plaintiff moved to dismiss the lawsuit.  Defendant subsequently responded to this motion indicating that while it had no opposition to the dismissal of the Plaintiff's case with prejudice, that it objected to the motion insofar as it sought to have each side bear its own costs.  Defendant indicated that it intended to seek an award of costs and fees because it was the prevailing party.  Defendant subsequently filed the motion currently before the Court.

In addition to this general background, in its brief Defendant provides some procedural facts and arguments about what happened during this lawsuit.  First of all, Defendant argues there is no evidence to support Plaintiff's claim and that the case was a "strike suit" filed to extract a nuisance settlement and that Plaintiff made no effort to move the case to trial.  *Defendant's Brief* at 5.  Defendant argues that not only did Plaintiff fail to file a more definite statement as ordered by the Court, but also failed to make Initial Disclosures as twice ordered by the Court.  Further, Defendant asserts that Plaintiff failed to submit its portion of the consolidated Pretrial Order to

2

the Defendant as ordered. In contrast, Defendant states that although it has been an involuntary litigant, it has in all respects complied with the rules and orders of this Court and now should be considered the prevailing party.

Plaintiff responds to these arguments by asserting that this Court, when considering the standing issue, did not find that Plaintiff had failed to state a claim. Further, Plaintiff argues that Defendant's motion for a more definite statement was denied as to the allegations of organizational standing but granted on the allegations of representational standing. Plaintiff states that its First Amended Complaint was filed to remove the representational standing issue from the case.

## II. Fee Awards As an Exception to the "American Rule"---The Bad Faith Exception

Under the traditional American rule, the prevailing party ordinarily cannot obtain attorney's fees from a losing party. *See Hall v. Cole*, 412 U.S. 1, 4-5 (1973). An exception exists which allows an award of attorney's fees when a party's opponent acts " 'in bad faith, vexatiously, wantonly, or for oppressive reasons.' " *Id*. at 5 (*citation omitted)*. The purpose of such an award is to compensate the wronged party, punish the wrongdoer, and protect the integrity of the court. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-51 (1991). The primary purpose of this exception is to punish the litigant for abusing the court and the litigation process. 10 J. MOORE, FEDERAL PRACTICE §54.171[2][c][v] (3d ed. 1997). Even when a federal court sits in a diversity case, it can exercise its inherent power to sanction those who abuse its process. *See Montgomery Ward & Co., Inc. v. Pacific Indemnity Co.,* 557 F.2d 51, 61 (3d Cir. 1977).

A party acts in bad faith only when the claim brought "is entirely without color and has been asserted wantonly, for purposes of harassment or delay, or for other improper reasons."

3

*Browning Debenture Holders' Committee v. DASA Corp.,* 560 F.2d 1078, 1088 (2d Cir. 1977), *quoted* in *Sterling Energy, Ltd. v. Friendly Nat.Bank at 1435*. Courts generally require a finding by the trial judge of subjective bad faith. *Sterling Energy, Ltd. v. Friendly National Bank*, 744 F.2d 1433, 1435 (10th Cir. 1984).

The standard for bad faith awards is stringent, for otherwise those with colorable, albeit novel, legal claims would be deterred from testing those claims in a federal court. *Id*. The bad faith exception is drawn very narrowly, and resorted to only in exceptional cases. Because of their very potency, inherent powers of the Court, such as this one, must be exercised with restraint and discretion. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980). Inherent powers are the exception, not the rule, and their assertion requires special justification in each case. Like all applications of inherent power, the authority to sanction bad-faith litigation practices can be exercised only when necessary to preserve the authority of the court. *Id.*

In most cases under the bad faith exception, it is the prevailing party who seeks an award of fees. "[T]he imposition of sanctions under the bad-faith exception depends not on which party wins the lawsuit, but on how the parties conduct themselves during the litigation." *Chambers v. NASCO* at 53. The defendant seeking fees must not only prevail on the merits, but must also "show plaintiff pursued the litigation in bad faith or brought a frivolous, unreasonable, or groundless action." *Autorama Corp. v. Stewart*, 802 F.2d 1284, 1287 (10th Cir. 1986).

I am unable to conclude that Plaintiffs have acted in bad faith, vexatiously, wantonly or for oppressive reasons in this litigation. I expressly did not grant Defendant's motion to dismiss and cannot conclude that Plaintiff's claims were without merit. Defendant did not prevail on the merits here, but was dismissed based on the approval of Plaintiff. I am unable to conclude that

4

Plaintiff's claims were frivolous or groundless.

As noted by the Tenth Circuit in *Dreiling v. Peugeot Motors of America, Inc.*, 850 F.2d 1373, 1383 (10th Cir. 1988), recovery under this exception requires more than a showing of a weak or even legally inadequate case, and "more than a finding of negligence, frivolity, or improvidence", *citing Cornwall v. Robinson*, 654 F.2d 685, 687 (10th Cir. 1981). Because of the narrowness of the bad faith exception, the *Dreiling* Court explained "that not even objectively frivolous claims advanced in subjective good faith justify fee awards." *Id*.

Congress has exercised its constitutional prerogative to provide district courts with a comprehensive arsenal of Federal Rules and statutes to protect themselves from abuse. Lesser sanctions for the procedural deficiencies by Plaintiff complained of by Defendant could and should have been sought earlier in the litigation, and without resort to this drastic remedy. I do not find that Plaintiff's litigation practices have in any way threatened the authority of this Court; accordingly I decline to exercise this Court's sanction power.

I am unable to conclude that this lawsuit has been filed and pursued in bad faith. I cannot conclude that Plaintiff's conduct is sanctionable. Although extremely troubling to the Court, the conduct in question has not been adequately shown to rise to the level of being in bad faith, vexatious, wanton or for oppressive reasons. The award of attorneys fees as sanctions is rare, and is found to be warranted only in the most extreme of circumstances. *See, e.g., Chambers v. NASCO, Inc*. at 32.

### III.  Fee Awards Pursuant to 28 U.S.C. §1927

Defendant seeks an award under this statute as well. This Court's authority to award sanctions for vexatious and unreasonable multiplication of proceedings under 28 U.S.C. §1927

5

may only be directed against attorneys or those allowed to practice before the Court. *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 534 (5th Cir. 1996). Defendant has pointed to no personal actions of the Plaintiff's attorneys which have been vexatious and which have lead to an unreasonable multiplication of proceedings. It has given no dollar amount for the additional costs or fees incurred due to actions of these attorneys. I am unable to discern which actions or strategies were attributable to Plaintiff's counsel, as opposed to Plaintiff itself. Consistent with the conclusion I reached as to liability for fees under the bad faith exception, I am also unable to conclude that the actions of these attorneys are sanctionable. For these reasons I am unwilling to impose sanctions pursuant to this statute.

## IV.  Request for Costs

Included in Defendant's motion is a request for costs. Rule 54(d) of the Federal Rules of Civil Procedure provides for awarding costs other than attorneys' fees to the prevailing party. As noted above, Defendant did not prevail on the merits in this action. Accordingly, it is not entitled to an award of costs.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Recover Expenses and Attorney's Fees (Docket No.21) is **denied.**

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**